IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES A. YOLICH,

    Plaintiff,

v.                           No. 16 C 4007

FINANCIAL MANAGEMENT
SYSTEMS, INC.,

    Defendant.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Financial Management Systems, Inc.'s (FMS) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff James Yolich (Yolich) allegedly began working for FMS in May 2014. In July 2015, Yolich allegedly underwent surgery and took an extended absence from work. In September 2015, Yolich allegedly received a termination letter indicating that he had missed too many days of work and that since he had not returned to work his employment was being terminated. FMS contends that Yolich failed to inform anyone at FMS that he was going to take an extended leave of

1

absence and that despite extensive efforts to contact him, he failed to respond and explain his disappearance from work. Yolich includes in his complaint a claim alleging interference with the exercise of his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (FMLA) (Count I), and a FMLA retaliation claim (Count II). Defendants now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000)

**DISCUSSION**

Under the FMLA, an employee is entitled "to twelve weeks of leave every twelve-month period if []he is afflicted with 'a serious health condition' which renders h[im] unable to perform h[is] job." *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). FMS contends that before Yolich took his medical leave, Yolich indicated only that he might be out for a few days due to a medical procedure. According to FMS, Yolich never returned the necessary paperwork or medical certification that was provided to him in person when his FMLA rights were explained to him. FMS contends that despite mailing Yolich additional copies of the necessary paperwork and attempting to contact him on several occasions, Yolich failed to provide FMS with an update on his health status. FMS contends that it had no alternative but to terminate his employment due to his unexplained absences.

I. Interference Claim (Count I)

FMS moves for summary judgment on the FMLA interference claim. For a FMLA interference claim, a plaintiff must establish: (1) that he "was eligible for FMLA protection," (2) that his "employer was covered by the FMLA," (3) that he "was entitled to FMLA leave," (4) that he "provided sufficient notice of h[is] intent to take leave," and (5) that his "employer denied h[im] benefits to which []he was entitled." *Id.* FMS argues that Yolich did not provide sufficient notice to FMS of

his intended FMLA leave and that Yolich was not entitled to FMLA leave since he failed to submit the appropriate paper work for such leave.

It is undisputed, pursuant to Local Rule 56.1, that in July 2015, Yolich told his supervisor that he was going to be absent from work for a medical procedure, and that his supervisor told him to go to the Human Resources Department (HR) and apply for FMLA leave if he would be out for more than a couple of days. (RSF Par. 18). It is also undisputed that Yolich had previously supervised over 200 employees in his prior jobs. (RSF Par. 4). Yolich thus should have been familiar with dealing with employee absences. It is undisputed that Nolan Lewitzke (Lewitzke) was in charge of the FMLA administration at FMS. (RSF Par. 20). Lewitzke contends that on July 15, 2015 he prepared a letter to Yolich, including a FMLA Designation Form WH-381 and FMLA Certification Form WH-380E. (SF Par. 22). Yolich disputes this fact but offers nothing other than his own personal speculation that no such letter or forms were prepared. (RSF Par. 22). Lewitzke contends that on that same day, he handed Yolich the letter and FMLA forms and discussed with Yolich his FMLA rights. (SF Par. 23). Yolich disputes these facts asserting that FMS has not produced any email or text evidence confirming that such a meeting occurred. (RSF Par. 23). FMS provided citations to the record to support its facts in Paragraph 23, and the mere absence of certain other opposing evidence that Yolich may desire is not a proper basis to dispute a fact. Pursuant to Local Rule 56.1 the facts are thus admitted. *See Ammons v. Aramark Unif. Servs.,*

*Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "a district court is entitled to expect strict compliance with Rule 56.1"); *Moore-Fotso v. Bd. of Educ. of the City of Chicago*, 2016 WL 5476235, at *1 (N.D. Ill. 2016)(indicating that argumentative, vague, evasive, and ambiguous responses are not sufficient to render a fact disputed under Local Rule 56.1); *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(same). Evasive responses such as the one provided by Yolich are also deemed admissions under Local Rule 56.1.

The court notes that even if the court accepts Yolich's assertions in this matter, for the purposes of the motion for summary judgment, regarding the meeting with Lewitzke, the result in this case is the same. Although pursuant to Local Rule 56.1 it is undisputed that Yolich's supervisor told him to go to HR and apply for the FMLA leave, (RSF Par. 18), Yolich claims that he never did so. Yolich contends that he never met with Lewitzke on July 15, 2015 or received any letters. In addition, although Yolich vaguely recalls talking with a representative in the HR office area about his upcoming medical procedure, Yolich claims that the representative never raised the issue of FMLA leave and never mentioned the FMLA at all. (Y Dep. 41-42). When asked at his deposition why Lewitzke would lie about instructing Yolich about FMLA leave, Yolich could not think of any reason why Lewitzke would lie, and indicated he did not even know Lewitzke. (Y Dep. 48).

FMS contends that after Yolich had disappeared from work for more than a few days, Lewitzke attempted to contact Yolich to inquire about his work status and FMLA paperwork but received no answer. (SF Par. 27). In response, Yolich merely responds, "objection" failing to state whether he considers the facts disputed or undisputed as he had done in response to other facts. Such an ambiguous response is deemed an admission pursuant to Local Rule 56.1. Yolich also responds by claiming that there is an absence of evidence confirming the communication by Lewitzke. Yolich claimed at his deposition that he could not recall any voicemail messages in August 2015 from anyone at FMS. (Y Dep. 85-86). FMS contends that on August 10, FMS called Yolich to discuss his FMLA leave and left a voicemail, but Yolich claims he cannot recall any such message. (SF Par. 32); (Y. Dep. 85-86). Lewitzke claims that on August 11, 2015, he prepared another letter to Yolich with the FMLA forms and mailed the letter to Yolich. (SF Par. 33). Yolich claims that he never received the letter. (RSF Par. 33). FMS contends that it then made phone calls to Yolich on August 12, 13, and 14, to discuss his FMLA leave, but that Yolich did not answer and his voicemail was full. (RSF Par. 36). Yolich disputes this fact, citing only page 86 of his deposition, but offers no contrary evidence other than his deposition testimony that he did not recall any contact by FMS or voicemail messages. (RSF Par. 36); (Y. Dep. 86). If, as FMS contends, Yolich did not answer his phone and his voicemail was full, there would not have been any messages or phone calls for Yolich to

recall, and thus Yolich has not offered a proper basis to dispute Paragraph 36 of FMS's statement of material facts.

Lewitzke contends that on August 14, 2015, he prepared yet another letter with the FMLA forms and sent it to Yolich via FedEx Overnight. (SF Par. 38). Yolich admits that the letter was mailed but contends that he never received the letter because it was not properly addressed. (RSF Par. 38). Yolich contends that his apartment number was not listed in the mailing address. (RSF Par. 40). FMS has provided a copy of the Confidential Personal Data Form provided to Yolich on which he wrote his address. The form contains no apartment number. Thus, FMS properly listed Yolich's address in the letter as it appeared on the form he completed. Yolich points to some other documents he prepared for FMS such as in regard to his 401(K) Plan in which he listed his apartment address. Nothing, however, required FMS to sift through every document ever provided by Yolich to see if there were any inconsistencies in regard to the address he provided for contact. On the form provided to Yolich to list his contact information, Yolich listed no apartment number.

The court also notes that although Yolich claims that he never received the August 14 letter, it is undisputed that the FedEx label provided the delivery person with Yolich's phone number. (RSF Par. 39). It is also undisputed that FedEx provided a delivery confirmation that the letter had been delivered to "James Yolich." (RSF Par. 40). Yolich responds only that it would have been impossible

to deliver the letter to him without the apartment number and that the confirmation did not state that it was delivered to apartment 411B. (RSF Par. 40). FMS also contends that Yolich's supervisor had contacted him to tell him to keep an eye out for FMLA paperwork coming in the mail, but Yolich claims he cannot recall any such messages. FMS further asserts that on August 19, 2015, it again tried to contact Yolich by phone, but Yolich did not answer and his voicemail was full. (SF Par. 42). Yolich disputes that any such effort was made to contact him. (RSF Par. 42).

Although FMS claims a lengthy series of contacts with Yolich in person and by phone, in writing by hand delivery, and multiple deliveries by mail, Yolich claims that none of those contacts occurred or at least that he does not recall any such contacts. Even if, for the purposes of ruling on the instant motion, the court gives full credit to Yolich's claim that none of such contacts occurred, the undisputed facts show that FMS made extensive efforts to contact Yolich and to inform him of his need to complete the necessary FMLA paperwork. It is undisputed that Yolich never completed the necessary paperwork. It is unfortunate that Yolich suffered medical problems, which caused him to miss work, but it was incumbent on Yolich to inform FMS that he needed FMLA leave and to provide the appropriate paperwork and certification to FMS. The undisputed facts show that Yolich had ample opportunity to do so and failed to take advantage of such

8

opportunities. Therefore, the motion for summary judgment on the FMLA interference claim (Count I) is granted.

## II. Retaliation Claim (Count II)

FMS moves for summary judgment on the retaliation claim. A plaintiff seeking to defeat a motion for summary judgment on a FMLA retaliation claim, may proceed under direct or indirect methods of proof that are employed in employment discrimination cases. *Smith*, 560 F.3d at 702. Yolich fails in response to the instant motion to point to evidence to show how he could prevail under the direct or indirect method of proof and provides only a conclusory assertion that there is a triable issue on the claim. Yolich has not shown that he could prevail under the direct or indirect method of proof. Nor has Yolich shown that he can defeat the instant motion under any other method of proof. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)(indicating that a plaintiff can defeat a defendant's motion for summary judgment under the *Ortiz* reasonable factfinder method by pointing to sufficient evidence to show that a reasonable factfinder could "conclude that the plaintiff's [protected characteristic] caused the . . . adverse employment action"). It is undisputed that no one at FMS ever made any derogatory comments about Yolich's medical situation or his need to take medical leave. (RSF Par. 50). It is also undisputed that Yolich never heard anyone at FMS say anything derogatory about another employee who had health issues. (RSF Par. 51). The

undisputed facts show that FMS made appropriate efforts to learn why Yolich had not returned to work, despite the fact that Yolich did not bother to notify FMS or file any FMLA paperwork. (SAF Par. 4). The undisputed facts show that Yolich's absence from work without proper notification and failure to respond to FMS concerning his absences lead to his termination for excessive unexplained absences. (SAF Par. 4). Therefore, FMS's motion for summary judgment on the FMLA retaliation claim (Count II) is granted.

## CONCLUSION

Based on the foregoing analysis, FMS's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2017